UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 20-CR-212

ZACHARY C. WOOD,

    Defendant.

---

### DEFENDANT'S SENTENCING MEMORANDUM

---

Zachary C. Wood, by counsel, hereby submits this sentencing memorandum. At paragraph 21 of the plea agreement, the government agrees to recommend the mandatory minimum sentence of 120 months. *See also* PSR @ ¶ 13. Wood is asking the court to impose that same sentence, essentially making this a joint recommendation.

Although Wood has a prior record, he has never spent more than six months in jail. This will be the first time Wood is sent to prison and for a very long time. For the most part, Wood's priors centered around his drinking. Admittedly, Wood is an alcoholic. However, since his arrest for OWI in November 2014, he has

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

remained sober and is committed to doing so.

Wood has always financially provided for himself, working as an equipment operator for the past twenty years. He belongs to International Union of Operating Engineers Local 139 and through this work, was always able to financially support both him and his son. Since his arrest in this case, October 2020, he has been unemployed. Wood did not seek out further employment for two reasons: first, was his need for back surgery and second, he knew he would be going into custody for a lengthy period of time and did not want to start a new job only to have to quit shortly thereafter because of surgery and this case.

Originally, Wood's back surgery was scheduled to take place in November 2020. Due to COVID, it was rescheduled a number of times, ultimately taking place on March 24, 2021. Wood has been in a period of recovery since his surgery with limited mobility but all indications are that he is healing well. However, he has a follow up doctor's appointment and imaging at the end of June wherein he is hoping he will be given the go ahead to have full mobility at that time. At that June 29th appointment, Wood intends to obtain medical records, including his latest imaging, and forward them to counsel for purposes of providing them to the Bureau of Prisons (BOP) so that they are able to follow up with the necessary treatment and recovery.

Wood has one son and by all accounts is a great father. He shares a close relationship with his son and it is easy to see the love he has for his son, as well as how proud he is of him, simply by speaking with Wood. PSR at ¶¶ 67, 74. Wood also shares a good relationship with his mother, who provided a letter of support that is attached. Wood has suffered from depression and in his mom's view, much of his problems started after his brother's death in high school. PSR at ¶¶ 66-67. It was then that Wood began abusing alcohol and started getting into trouble with it. *Id.* He broke the law, spent time in jail, and had periods of homelessness while he abused alcohol for more than ten years, his twenties well into his late thirties. PSR at ¶ 73. Wood's mother believes his actions here reflect him trading one addiction for another - moving from alcohol to pornography. PSR at ¶ 68. After stopping drinking, Wood himself admits that his use of pornography increased dramatically. PSR at ¶ 88. Through looking at pornography, he sought out darker and darker material which ultimately led to child pornography. Wood relayed his desire to go out looking for it, "…masturbate, feel[ing] ashamed and guilty about it, and then delet[ing it.]" PSR at ¶ 89. This was an ongoing cycle which eventually led him to the messenger group and chat rooms where he reached out to the undercover officer posing as a mother in this case. Wood has felt nothing but disgust and shame for his actions in this case. During his time of pretrial release,

he sought out counseling and supervision from a number of treatment providers. Just as he had attended treatment that helped him get sober and remain so since 2014, he believes treatment and counseling can help him better understand and change his behavior. He has made great strides through treatment. A copy of a letter provided by the one he has maintained weekly counseling sessions with is attached. Wood's hope is that while incarcerated, he can continue to participate in treatment, advancing the progress he believes he has made so far. He is determined to do whatever necessary to stay away from any future obsessive/addictive behavior, alcohol and pornography, both of which have led him to commit crimes and ultimately lose his liberty through incarceration.

A sentence of ten years, the joint recommendation in this case and the minimum mandatory sentence, will provide Wood with access to sex offender treatment while in custody. Ten years is a lengthy time in custody – it promotes respect for the law and reflects the seriousness of this offense. Further, it protects the public for some time. Any additional concerns as to the protection of the public will be met through a term of supervised release to follow the ten years in custody, as well as the requirements he will have to follow as a sex offender. For the remainder of his life, Wood will have to register as a sex offender.

Wood requests the court allow him to self- surrender and that the court

put self-surrender off until August 2, 2021. This request is based on a number of things: First and most significantly, is the fact that Wood had back surgery and is scheduled for a follow up appointment and imaging on June 29, 2021. The hope is at that time that he will be given essentially the "all clear" as to mobility and any further medical attention and treatment can be done within the BOP. Further, if given the all clear, he will be able to do more physical activity including moving out of his apartment and getting everything into order prior to entering the BOP. Second, although we are hopefully at the end of the COVID pandemic, we are still in it. Any additional time will allow more people to become vaccinated, especially within the Bureau of Prisons. Third, allowing Wood to self-surrender would allow him to have contact with less people because it would not require transport by the United States Marshals or the BOP. Going to one designated institution rather than many jails and other prisons along the way decreases his exposure to the virus and others exposure to him. Fourth, self-surrender also provides him with a better classification category within the BOP. For someone entering prison for the first time, that is extremely significant. Finally, fifth, with one exception early on, Wood has been compliant with his released conditions for the last seven months, including participating in weekly counseling sessions. For all those reasons, Wood should be allowed to

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

self-surrender to begin serving his sentence of incarceration.

Wood also requests the court recommend placement at FCI-Elkton. This is one of the BOP institutions closest to Wood's home that provides sex offender treatment. As Wood has relied greatly on the support of his family, most significantly his adult son, mother, and sister, keeping as close proximity as possible while also being able to participate in treatment, will be important to allow for continued communication and support throughout his time of incarceration.

Finally, Counsel has reviewed the conditions of supervised release appearing at pages 26-32 of the PSR with Wood. He has no objection to them based on the reasoning stated therein. Wood also agrees to waive reading of the conditions at the time sentence is imposed.

Dated at Green Bay, Wisconsin, this 8th day of June, 2021.

Respectfully Submitted,

**s/ Krista Halla-Valdes**
Krista Halla-Valdes, FL Bar #0073369
Attorney for Zachary C. Wood
Federal Defender Services of Wisconsin, Inc.
801 E. Walnut Street, Second Floor
Green Bay, Wisconsin 54301-4401
Tel: 920-430-9900
Fax: 920-430-9901
krista_halla-valdes@fd.org

N:\CASES-OPEN\W-X\WOOD. ZACHARY - 20-006 - ACTIVE\SENTENCING\SENTENCING MEMO FINAL.DOCX

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.